IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH DOST, MICHELE DOST, and
KWD DESIGN, INC.,

        Plaintiffs,

v.

NORTHWEST TRUSTEE SERVICES, INC.,
WILLIAM DAVID DALLAS,
OWNIT MORTGAGE SOLUTIONS, INC.,
LARRY BLAKE LITTON, JR.,
LITTON LOAN SERVICING, LP,
MERRILL LYNCH & CO.,
GOLDMAN SACHS & CO.,
BANK OF AMERICA CORP., and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS,

        Defendants.

No. 03:11-CV-270-ST

ORDER

1 - ORDER

HERNANDEZ, District Judge:

Pro se plaintiffs Kenneth Dost ("Mr. Dost"), Michele Dost ("Mrs. Dost"), and KWD Design, Inc. ("KWD") (collectively, "Plaintiffs") filed this action against the following nine defendants: (1) Northwest Trustee Services, Inc.; (2) William David Dallas; (3) Ownit Mortgage Solutions, Inc.; (4) Larry Blake Litton, Jr.; (5) Litton Loan Servicing, LP; (6) Merrill Lynch & Co.; (7) Goldman Sachs & Co.; (8) Bank of America Corp.; and (9) Mortgage Electronic Registration Systems ("MERS") (collectively, "Defendants"). Now before me is a Request For an Immediate Temporary Restraining Order ("TRO") (doc. #110) filed by Plaintiffs. For the following reasons, Plaintiffs' TRO is DENIED.

The purpose of a temporary restraining order is to maintain the status quo until the hearing can be held regarding the preliminary injunction. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. E.g., Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008); see also Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

"A party seeking a temporary restraining order or preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest." Winter, 555 U.S. at 20. In considering the four elements, the district court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. at 24 (quoting Amoco Co. v. Vill. of

2 - ORDER

Gambell, Alaska, 480 U.S. 531, 542 (1987)); Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009).

Here, Plaintiffs fail to demonstrate they are likely to succeed on the merits or likely to suffer irreparable harm in the absence of the TRO. Although Plaintiffs demonstrate some harm, including "unnerving vehicles that stop in front of [their] home to take photographs," TRO, p. 2, such harm does not amount to the irreparable harm required in the absence of a temporary restraining order. In fact, Plaintiffs fail to argue, let alone demonstrate, that a foreclosure sale of their property has even been set. Lastly, I note that Plaintiffs also fail to demonstrate the balance of equities tips in their favor.

For the foregoing reasons, Plaintiffs' TRO (doc. #110) is DENIED.

IT IS SO ORDERED.

Dated this \_\_\_\_\_ day of November, 2011.

_____
Marco A. Hernandez
United States District Judge

3 - ORDER